UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| PALLADIUM USA, INC., | ) Case No. <br> ) <br> ) |
| Plaintiff, | ) **COMPLAINT** <br> ) |
| v. | ) **JURY TRIAL DEMANDED** <br> ) |
| DIANA NICKELL d/b/a TEXAS PALLADIUM PROPERTIES, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Palladium USA, Inc. ("Palladium"), by its undersigned attorneys, brings this Complaint against Defendant Diana Nickell d/b/a Texas Palladium Properties ("Defendant"), and hereby alleges, on personal knowledge as to Palladium's own acts, and on information and belief as to Defendant and others based on investigation, as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. § 1121.

2. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is a resident of this State, has engaged in acts or omissions within this State causing injury to Palladium, has engaged in acts or omissions outside of this State causing injury to Palladium within this State, and/or has otherwise made or established contacts within this State sufficient to permit the exercise of personal jurisdiction.

160149047_5

3. This judicial district is a proper venue pursuant to 28 U.S.C. § 1391(b)(1)-(2) because, on information and belief, Defendant resides in this District and a substantial part of the events or omissions giving rise to Palladium's claims occurred in this District.

## NATURE OF THE ACTION

4. This action for trademark infringement and related violations of law arises out of Defendant's unauthorized and infringing use of Palladium's own senior and well-known PALLADIUM marks (collectively, the "PALLADIUM Marks") in U.S. commerce for and in connection with real estate and other related services.

5. Defendant's unauthorized, infringing, and otherwise actionable use of the PALLADIUM Marks is causing and is likely to cause confusion among relevant consumers and irreparable injury to Palladium, and if not enjoined will continue to do so. Accordingly, Palladium brings claims against Defendant for (i) trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (ii) common law trademark infringement and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark infringement under Texas common law; and (iv) unfair competition under Texas common law.

## THE PARTIES

6. Palladium USA, Inc. is a Delaware corporation with a business address at 13455 Noel Road, Suite 400, Dallas, Texas 75240.

7. On information and belief, Defendant Diana Nickell d/b/a Texas Palladium Properties is a Texas resident with a business address at 13165 West Lake Houston Pkwy, Suite 203, Houston, Texas 77044.

## FACTUAL BACKGROUND

**A.     Palladium and its PALLADIUM Marks**

8. Palladium is a real estate holding company dedicated to identifying high-quality urban development and redevelopment opportunities within its target

2

markets, including throughout the state of Texas. It is proficient in managing projects of any scale, guiding them through all phases, including conceptual selection, site planning, design, cost estimation, construction, lease-up, management, and unit sales.

9. Through the hard work and longtime use by Palladium and those acting under its supervision, Palladium has developed significant goodwill in its PALLADIUM Marks in connection with its real estate and related services. Indeed, as the result of its long-time use of its various PALLADIUM Marks in the United States and around the world, Palladium has strong and exclusive trademark rights in those marks in connection with those services.

10. In addition to Palladium's strong common law rights in the PALLADIUM Marks in connection with its services, Palladium, which is the owner of all right, title, and interest in its registered and unregistered marks and their associated goodwill, owns federal trademark registrations for certain of those marks including the following:

| Mark | U.S. Reg. No. (Registration Date) | Goods/Services | First Use in Commerce Date |
|---|---|---|---|
| PALLADIUM | 2,751,650 (August 19, 2003) | "real estate management and investment services" and "real estate development services; construction and management of residential and commercial buildings" | 1992 |

160149047_5

| PALLADIUM | 2,824,441 (March 27, 2002) | "investment advisory, investment management and investment financial services for commercial and residential real estate owners and investors, namely, investment restructuring in the field of real estate; private placement portfolio analysis in the field of real estate; corporate debt restructuring; portfolio mergers and investment management in the field of real estate; corporate debt and equity restructuring; and establishing funds for others, namely real estate development funds, acquisition funds, financing funds, value enhancement funds for redevelopment of real estate and open/closed end commingled funds for all types of real estate properties" | 1993 |

160149047_5

| PALLADIUM GROUP | 4,075,621 (December 27, 2011) | "real estate management and investment services; investment advisory, investment management and investment financial services for commercial and residential real estate owners and investors, namely, investment restructuring in the field of real estate; private placement of real estate funds; corporate debt restructuring; investment management in the field of real estate; corporate debt and equity restructuring; management of residential and commercial buildings" and "real estate development services; construction of and construction management of residential and commercial buildings" | 1992 |
|---|---|---|---|
| PALLADIUM GROUP (logo) | 4,069,074 (December 13, 2011) | "real estate marketing services featuring promotion of apartments, luxury apartments and homes; business management | September 29, 2014 |

5

| | | | |
|---|---|---|---|
| | | in the field of real estate; business administration in the field of real estate," "rental of office space; renting of flats; real estate affairs, namely, real estate consultation; real estate management; real estate agency services; leasing of real estate; real estate appraisal; real estate valuations; financial affairs, namely, financial consultation; real estate financial evaluation," "construction and repair of buildings, roads, bridges; factory construction; providing information in the field of building and road construction; building construction supervision; maintenance and cleaning of the exteriors of buildings; building maintenance and repair; window cleaning," and "architectural design; interior design; architectural consultancy and construction drafting" | |

The registrations described above are valid, subsisting, and the first three have become incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of the certificates for these registrations are attached hereto as Exhibits A-D.

**B.     Defendant and Its Business**

11.     Upon information and belief, Defendant provides real estate-related services throughout the Texas Gulf Coast region, and uses PALLADIUM-formative marks in U.S. commerce in connection with those services.

12.     More particularly, upon information and belief, and without limitation, Defendant uses the TEXAS PALLADIUM PROPERTIES name and mark (sometimes referred to as TEXAS PALLADIUM) in connection with her real estate services, as well as the domain name <texaspalladium.com>.

13.     Palladium, through its counsel in a letter dated February 25, 2025, notified Defendant that her unauthorized use of these marks in connection with her real estate-related services was likely to cause confusion with its own use of its own PALLADIUM Marks in connection with its own services.

14.     Palladium, through its counsel, repeatedly attempted to engage in good faith discussions to amicably resolve this dispute, but was unable to do so.

15.     Despite Palladium's repeated attempts to resolve the matter amicably, and its repeated requests that Defendant cease and desist in her use of PALLADIUM-formative marks in connection with her real estate-related services, Defendant has refused to do so, and, upon information and belief, continues marketing, distributing, offering for sale, and selling those services in U.S. commerce in connection with those marks.

16.     Defendant's use of PALLADIUM-formative marks has caused and is likely to cause consumers to falsely believe that Defendant and her services are affiliated, connected, or associated with Palladium or its own services, or that

Palladium has licensed, approved of, or sponsored Defendant's use of those PALLADIUM-formative marks or Defendant's services.

17. Defendant's foregoing acts have occurred in interstate commerce and in a manner affecting interstate commerce, including through her investment and development activities, by engaging in contracts for her services, and by advertising and promoting those services.

18. Defendant's actions have caused and will continue to cause Palladium to suffer harm, including but not limited to lost sales, lost profits, and damage to its goodwill and reputation.

## CLAIMS FOR RELIEF

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(l)

19. Palladium incorporates by reference each of the allegations contained in the foregoing paragraphs as though fully set forth herein.

20. Palladium is the owner of the federally-registered PALLADIUM and PALLADIUM GROUP marks set forth in U.S. Reg. Nos. 2,751,650, 2,824,441, 4,075,621, and 4,069,074. These marks are well-known and distinctive, and are associated in the public mind with Palladium and services.

21. Defendant's use of TEXAS PALLADIUM PROPERTIES and TEXAS PALLADIUM in connection with services closely related or identical to these services Palladium provides in connection with its own federally-registered PALLADIUM Marks has caused and is likely to continue to cause confusion and/or deceive consumers, including as to the source or sponsorship of Defendant's services. Consumers are likely to be misled into believing that Defendant's services originate with or are otherwise associated with Palladium or the services offered by Palladium.

160149047_5

22. On information and belief, Defendant's conduct is willful, deliberate, in bad faith, and undertaken with knowledge of Palladium's prior registrations and rights, and with full knowledge that Defendant has no right, license, or authority to use the PALLADIUM Marks or any designations confusingly similar thereto.

23. On information and belief, Defendant's acts are intended to reap the benefit of the goodwill associated with Palladium's federally-registered PALLADIUM Marks and constitutes infringement of those marks in violation of Section 32(l) of the Lanham Act, 15 U.S.C. § 1114(l).

24. Defendant's conduct has caused and is causing irreparable injury to Palladium and, unless enjoined by this Court, will continue both to damage Palladium and to deceive the public.

25. Palladium has no adequate remedy at law.

26. Palladium has suffered damages and has suffered or will suffer irreparable harm as a result of Defendant's infringement of these federally-registered marks.

27. Palladium is entitled to injunctive relief and damages, as well as costs and its reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

**COUNT II**
**FEDERAL UNFAIR COMPETITION AND**
**FALSE DESIGNATION OF ORIGIN**
**15 U.S.C. § 1125(a)**

28. Palladium incorporates by reference each of the allegations contained in the foregoing paragraphs as though fully set forth herein.

29. The PALLADIUM Marks are distinctive, are of incalculable value, and associated in the public mind with goods and services of the highest quality.

30. Palladium has established strong common law rights in the PALLADIUM Marks for and in connection with financial and other related services.

31. Defendant's use of the TEXAS PALLADIUM PROPERTIES and TEXAS PALLADIUM marks as described above is likely to cause confusion or mistake or to deceive consumers and the public as to the affiliation, connection, or association of Defendant or its services, or as to the origin, sponsorship, or approval of Defendant's services.

32. On information and belief, Defendant's conduct is willful, deliberate, in bad faith, and undertaken with knowledge of Palladium's prior rights, and with full knowledge that Defendant has no right, license, or authority to use the PALLADIUM Marks or any designations confusingly similar thereto.

33. On information and belief, Defendant's acts are intended to reap the benefit of the goodwill that Palladium has earned in the PALLADIUM Marks and constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's conduct has caused and is causing irreparable injury to Palladium and, unless enjoined by this Court, will continue to both damage Palladium and deceive the public.

35. Palladium has no adequate remedy at law.

36. Palladium has suffered damages and has suffered or will suffer irreparable harm as a result of Defendant's infringement of the PALLADIUM Marks, and Defendant's unfair competition and false designation of origin.

37. Palladium is entitled to injunctive relief and damages, as well as costs and Palladium's reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

38. Palladium incorporates by reference each of the allegations contained in the foregoing paragraphs as though fully set forth herein.

39. The unfair and fraudulent business practices by Defendant detailed above also separately constitute common law trademark infringement based on her promotion, advertisement, offering for sale, and sale of services in connection with the TEXAS PALLADIUM PROPERTIES and TEXAS PALLADIUM marks.

40. Specifically, Defendant is advertising, promoting, distributing, offering for sale, and selling services that infringe the PALLADIUM Marks.

41. Defendant's conduct has caused and, unless restrained, is likely to continue to cause further harm to Palladium.

42. Defendant's conduct is causing immediate and irreparable competitive and commercial injury to Palladium and will continue to cause such injury unless enjoined by this Court.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

43. Palladium incorporates by reference each of the allegations contained in the foregoing paragraphs as though fully set forth herein.

44. This is an action against Defendant based on her advertising, promoting, distributing, offering for sale, and selling services using marks that are confusingly similar, both visually and phonetically, to Palladium's PALLADIUM Marks in violation of Texas's common law claim of unfair competition.

45. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale and providing services bearing confusingly similar and infringing versions of the PALLADIUM Marks. Defendant also is using these infringing versions to unfairly compete with Palladium for (i) space in search engine results across an array of search terms or (ii) visibility on the Internet.

46. Defendant's conduct has caused and, unless restrained, is likely to continue to cause further harm to Palladium.

160149047_5

47. Defendant's conduct is causing immediate and irreparable competitive and commercial injury to Palladium and will continue to cause such injury unless enjoined by this Court.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, PALLADIUM USA, Inc. demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Palladium respectfully asks that the Court award judgment in favor of Palladium and against Defendant and grant the following relief:

1. Enter judgment for Palladium, as appropriate, on all counts in this Complaint;

2. Enter a preliminary and permanent injunction against Defendant, her related companies, and any officers, directors, shareholders, agents, employees, representatives, attorneys, successors, and assigns, and all persons in active concert and participation with them or any of them, preventing them from:

   a) Using in their business, or in connection with the marketing, distribution, offering for sale, or sale of any products or services, (i) any mark, domain name, or social media account or handle that consists of or includes the term PALLADIUM, (ii) any other imitations of Plaintiff's PALLADIUM Marks, or (iii) any other word, name, symbol, or device likely to cause confusion with or dilution of Plaintiff's PALLADIUM Marks;

   b) Using, authorizing, or aiding any third party to use (i) any mark, domain name, or social media account or handle that includes the term PALLADIUM, (ii) any other imitations of Plaintiff's PALLADIUM Marks, (iii) any other word, name, symbol, or device likely to cause confusion with or dilution of

Plaintiff's PALLADIUM Marks or (iv) any other false designation of origin, or to perform any act that can or is likely to mislead members of the public to believe that any products or services offered by Defendant are in any manner associated or connected with Palladium, or sponsored, approved, or authorized by Palladium, or that any products or services offered by Palladium are in any manner associated or connected with Defendant;

      c)     Engaging in any other activity constituting unfair competition with Palladium, or constituting an infringement of Palladium's rights in its PALLADIUM Marks; and

      d)     Assisting or aiding any third party in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

      3.     Direct Defendant to file with the Court and serve upon Palladium's counsel within thirty (30) days of entry of such judgment a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the above.

      4.     Order Defendant to promptly cease doing business under the TEXAS PALLADIUM PROPERTIES name and mark, or any business name, d/b/a, or mark that consists of or includes PALLADIUM.

      5.     Order Defendant to recall from all distribution channels and deliver up for impoundment and destruction, or show proof of destruction, of all products, packaging, labels, signage, advertising, promotional materials, or other materials in the possession, custody, or control of Defendant bearing or consisting of (i) any mark that includes the term PALLADIUM, or (ii) any other marks or symbols that are found to infringe or dilute any of Palladium's marks, or that otherwise unfairly compete with Palladium and its services, or that are otherwise deceptive.

      6.     Award Palladium monetary relief, including its actual damages, Defendant's profits, treble damages and increased profits as provided by federal law,

including 15 U.S.C. § 1117, and enhanced damages as provided for under state law, arising out of Defendant's acts of federal and state trademark infringement and unfair competition, together with appropriate interest.

7. Grant Palladium its costs in this civil action, including disbursements and reasonable attorneys' fees and expenses.

8. Grant Palladium any other, further, or different relief that this Court deems just and proper.

DATED: August 1, 2025

By: */s/Clifford Bowie Husted*
**CLIFFORD BOWIE HUSTED**
Attorney-In-Charge
State Bar No. 00796803
Southern District of Texas Bar No. 20775
chusted@clarkhill.com
**CLARK HILL PLC**
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
(713) 951-5600
(713) 951-5660 Facsimile

**EVAN GOURVITZ** (*pro hac vice* to be filed)
New York Bar No. 2995355
evan.gourvitz@ropesgray.com
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
(212) 596-9090 Facsimile

*Attorneys for Plaintiff*
*PALLADIUM USA, INC.*

160149047_5