UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PALLADIUM USA, INC., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 4:25-cv-03569 |
| § | | |
| DIANA NICKELL d/b/a § | | |
| TEXAS PALLADIUM PROPERTIES, § | | |
|     Defendant. § | | |

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendant Diana Nickell d/b/a Texas Palladium Properties ("Defendant") respectfully moves to dismiss the Complaint of Palladium USA, Inc. ("Plaintiff") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support, Defendant states as follows:

## I. INTRODUCTION

Plaintiff's Complaint asserts claims for (1) federal trademark infringement under 15 U.S.C. § 1114(1); (2) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (3) Texas common law trademark infringement; and (4) Texas common law unfair competition. Each of these claims requires Plaintiff to plausibly allege that Defendant's use of "Texas Palladium Properties" is likely to cause confusion with Plaintiff's "PALLADIUM" marks. The Complaint fails to do so, as it does not allege facts sufficient to support the required "likelihood of confusion" under the controlling "digits of confusion" analysis. Accordingly, the Complaint should be dismissed in its entirety.

Additionally, this trademark action fails as a matter of law because Defendant's use of "Texas Palladium Properties" constitutes protected descriptive fair use of geographic and generic terms that accurately describe her Houston-based real estate brokerage services. The Lanham Act explicitly preserves the right to use descriptive terms fairly and in good faith to describe one's own goods or services, even when another party claims trademark rights in those terms. The Supreme Court has definitively held that such descriptive fair use requires no proof negating confusion. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 121–22 (2004).

Accordingly, Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim is plausible only if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiffs' . . . complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (internal quotation marks and alteration omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive defendants' motion, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

## III. BACKGROUND AND RELEVANT LAW

To state a claim for trademark infringement or unfair competition under the Lanham Act or Texas common law, a plaintiff must allege (1) ownership of a legally protectable mark and (2) that the defendant's use of the mark creates a likelihood of confusion as to source, affiliation, or sponsorship. *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 450 (5th Cir. 2017); *Viacom Int'l, Inc. v. IJR Capital Invs., L.L.C.*, 891 F.3d 178, 191-92 (5th Cir. 2018)). The standard for likelihood of confusion is the same under both federal and Texas law. *Blue Bell Bio-Med. v. Cin-Bad, Inc.*, 864 F.2d 1253, 1261 (5th Cir. 1989)).

The Fifth Circuit applies a flexible, non-exhaustive list of factors to assess likelihood of confusion, commonly referred to as the "digits of confusion," which include:

1. The type and strength of the plaintiff's mark;
2. The similarity between the marks;

  3. The similarity of the products or services;

  4. The identity of retail outlets and purchasers;

  5. The identity of advertising media used;

  6. The defendant's intent;

  7. Evidence of actual confusion; and

  8. The degree of care exercised by potential purchasers.

No single factor is dispositive, and the court must consider all relevant factors in context. *See Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 149–50 (5th Cir. 1985); *Westchester Media v. PRL USA Holdings Inc*, 214 F.3d 658, 664 (5th Cir. 2000); Viacom Int'l, Inc., 891 F.3d at 192; *Tesoros Trading Co. v. Tesoros Misticos, Inc.*, 10 F.Supp.3d 701, 712 (N.D. Tex. 2014).

At the motion to dismiss stage, the court must determine whether the complaint alleges sufficient facts to make it plausible—not merely possible—that the defendant's use of the mark is likely to cause confusion. *See Paulsson Geophysical Services, Inc. v. Sigmar*, 529 F.3d 303, 309-11 (5th Cir. 2008). Conclusory allegations or recitations of the elements, without supporting factual detail, are insufficient.

On May 30, 2017, Ms. Nickell filed an assumed name certificate with the Harris County Clerk for "Texas Palladium Properties," establishing her residential real estate brokerage serving the Houston metropolitan area. For over eight years, she has operated this business providing traditional real estate services to individual homebuyers and sellers in Houston suburbs including Kingwood, Humble, and Atascocita.

Plaintiff, a Delaware corporation headquartered in Dallas, develops large-scale multifamily apartment complexes. According to its own Complaint, Plaintiff sent its first cease-and-desist letter to Defendant on February 25, 2025 Complaint ¶ 13. This is nearly eight years

after Defendant began operating under the Texas Palladium Properties name. Plaintiff now seeks broad injunctive relief and damages despite this extensive delay.

## IV. ARGUMENT AND ANALYSIS

### A. Plaintiff Fails to Plausibly Allege a Likelihood of Confusion

While Plaintiff recites the elements of trademark infringement and unfair competition, the Complaint does not allege facts that, if true, would establish a likelihood of confusion under the "digits of confusion" analysis. The Complaint fails to allege facts sufficient to support a plausible likelihood of confusion under the "digits of confusion" analysis:

#### 1. Type and Strength of the Mark

The Complaint alleges ownership of several "PALLADIUM" marks, some registered and allegedly incontestable. However, it does not allege facts showing that "PALLADIUM" is a strong or distinctive mark in the real estate context, nor does it address whether the term is suggestive, arbitrary, or descriptive. The mere existence of a registration does not, by itself, establish strength for purposes of the likelihood of confusion analysis. *Viacom Int'l, Inc.*, 891 F.3d at 185.

#### 2. Similarity of the Marks

The Complaint alleges that Defendant uses "Texas Palladium Properties" and "Texas Palladium." Plaintiff identifies, manages, plans and develops "high-quality urban development and redevelopment opportunities." Complaint ¶ 8. Defendant provides real estate-related services (Complaint ¶ 11) for individual residences. These are fundamentally different services in different market segments.

The Complaint does not allege facts showing that these marks are similar in sight, sound, or meaning to Plaintiff's "PALLADIUM" marks when considered in their entirety. The addition

of "Texas" and "Properties" creates a distinct commercial impression, and the Complaint does not address how consumers would perceive the marks as confusingly similar. *See Tesoros Trading Co.*, 10 F.Supp.3d at 713.

### 3. Similarity of the Products or Services

While both parties operate in the real estate sector, the Complaint does not allege facts showing that the specific services offered by Defendant are identical or closely related to those of Plaintiff. Plaintiff's registrations cover a broad range of real estate and investment services, but the Complaint does not specify the nature or scope of Defendant's services, nor does it allege that the parties compete directly in the same market segment.

### 4. Identity of Retail Outlets and Purchasers

The Complaint is silent as to whether Plaintiff and Defendant market their services through the same channels or to the same class of purchasers. There are no allegations regarding the overlap of customer bases, geographic markets, or sales methods.

### 5. Identity of Advertising Media

The Complaint does not allege that Plaintiff and Defendant use the same advertising media or platforms, nor does it provide any facts about Defendant's advertising practices.

### 6. Defendant's Intent

Plaintiff alleges, "on information and belief," that Defendant acted willfully and in bad faith, but provides no factual basis for this assertion. Conclusory allegations of intent, unsupported by facts, are insufficient to support this factor. *See Future Proof Brands, LLC v. Molson Coors Beverage Co.*, 982 F. 3d 280, 296 (5th Cir. 2020). Even mere awareness of a senior mark does not establish bad intent. *Id.*

### 7. Actual Confusion

The Complaint does not allege any instances of actual confusion among consumers. Despite eight years of concurrent use in overlapping geographic markets, the Complaint alleges and cannot point to even one instance of actual confusion. The absence of such allegations weighs against a finding of likelihood of confusion, especially at the pleading stage.

### 8. Degree of Care Exercised by Purchasers

There are no allegations regarding the sophistication of the relevant consumers or the degree of care exercised in purchasing real estate services. In the real estate industry, consumers are likely to exercise a high degree of care, further reducing the likelihood of confusion.

### 9. Other Relevant Factors

The Complaint does not allege any other facts that would support a likelihood of confusion under the flexible, fact-specific analysis required by the Fifth Circuit.

### 10. Exceptions and Caveats

Defendant recognizes that the "digits of confusion" analysis can be fact-intensive. However, in this case, the Complaint is devoid of factual allegations addressing any of the key factors, relying instead on conclusory statements and recitations of the elements. Under the controlling authorities, such pleadings are insufficient.

### B. **Fair Use Defense** - The Complaint Fails to State a Claim Because Defendant's Use Constitutes Protected Descriptive Fair Use

Although not necessary to resolve this motion, Defendant notes that the "fair use" defense may apply where a term is used descriptively and not as a trademark. "Palladium" is a Greek term of mythology referring to "a statue of Pallas whose preservation was believed to ensure the safety of Troy" or meaning "something that affords effectual protection or security." Palladium,

Merriam-Webster, https://www.merriam-webster.com/dictionary/palladium (last visited September 10, 2025).

The Lanham Act provides a statutory fair use defense for descriptive terms used fairly and in good faith to describe the defendant's own goods or services or their geographic origin *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*, 698 F.2d 786, 791 (5th Cir. 1983).[1]

### 1. The Fair Use Defense Requires No Negation of Confusion

The Supreme Court definitively resolved that a defendant asserting fair use under 15 U.S.C. § 1115(b)(4) "has no independent burden to negate the likelihood of any confusion" by the public. *KP Permanent Make-Up, Inc.*, 543 U.S. at 121–22. Section 1115(b)(4) provides that it shall be a defense:

> That the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark . . . which is descriptive of and used fairly and in good faith only to describe the goods or services of such party.

15 U.S.C. § 1115(b)(4).

The Fifth Circuit has long recognized this principle, holding that even marks with secondary meaning cannot prevent competitors from using descriptive terms "in their ordinary, descriptive sense." *Zatarains, Inc.*, 698 F.2d at 791. As the Fifth Circuit explained, defendants "are still free to use the words . . . in their ordinary, descriptive sense . . . so long as such use will not tend to confuse customers as to the source of the goods." *Id.*

The defense "allows [the defendant] to use a term in good faith to describe its goods or services, but only in actions involving descriptive terms and only when the term is used in its descriptive sense rather than in its trademark sense." *Sugar Busters LLC v. Brennan*, 177 F.3d

---

[1] Although *Zatarains* has been stated as overruled by Texas state courts for state law claims, it remains good law in federal court for Lanham Act claims.

258, 270–71 (5th Cir. 1999).

### 2. "Texas Palladium Properties" Uses Geographic and Generic Terms and the Complaint Does not Allege Facts Showing Use as a Mark or Not in Good Faith

Here, Defendant's business name consists of descriptive components: "Texas" (geographic), "Palladium" (arguably descriptive or generic in the real estate context), and "Properties" (generic).

The combination merely describes a Texas-based real estate business dealing with properties. This is precisely the type of descriptive use that § 1115(b)(4) protects. Geographic terms in particular receive protection as descriptive fair use when they accurately describe the location of goods or services. *Zatarains*, 698 F.2d at 791.

If necessary, Defendant would show the Complaint cannot overcome the documented widespread use of 'Palladium' throughout Texas real estate, which demonstrates its descriptive and generic nature in this industry. Research reveals over 15 distinct entities using 'Palladium' in Texas real estate for over 30 years. Defendant would further show that despite eight years of concurrent use in overlapping geographic markets, Plaintiff has not alleged—and cannot allege—a single instance of actual confusion.

The Complaint fails to allege facts showing that Defendant's use is as a mark rather than descriptive, or that it was not in good faith. Accordingly, Defendant's fair use defense is established on the face of the Complaint.

## C. Plaintiff's Claims for Unfair Competition and Common Law Infringement Also Fail

The standards for federal and Texas common law trademark infringement and unfair competition are identical to those for federal trademark infringement. *See Blue Bell Bio-Med.*, 864 F.2d at 1261. All require a plausible allegation of likelihood of confusion, which is absent

here. *See Streamline Prod. Sys., Inc.*, 851 F.3d at 451; *Blue Bell Bio-Med.*, 864 F.2d at 1260-61.

### D. Plaintiff Fails to Allege Irreparable Harm or Lack of Adequate Remedy at Law

To obtain injunctive relief, Plaintiff must plausibly allege that the likelihood of confusion will cause irreparable injury for which there is no adequate legal remedy. The Complaint merely recites this element <u>without factual support</u>, which is insufficient. *See Paulsson Geophysical Services, Inc.*, 529 F.3d at 309-12.

### V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted. Defendant further requests such other relief as the Court deems just and proper.

For these reasons, Defendant respectfully requests that the Court:

1. Grant this Motion and dismiss Plaintiff's Complaint without prejudice;
2. Award Defendant her costs and attorneys' fees; and
3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

**HENDERSHOT COWART P.C.**

By: */s/ Simon W. Hendershot, III*
SIMON W. HENDERSHOT, III
State Bar No. 09417200
trey@hchlawyers.com
PHILIP D. RACUSIN
State Bar No. 24054267
pracusin@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809
E-Service: trey@hchlawyers.com, pracusin@hchlawyers.com, and paralegals@hchlawyers.com
**ATTORNEYS FOR DEFENDANT DIANA NICKELL d/b/a TEXAS PALLADIUM PROPERTIES**

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, a true and correct copy of the foregoing was served via electronic mail on:

Clifford Bowie Husted
Clark Hill PLC
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
chusted@clarkhill.com

Evan Gourvitz
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704
evan.gourvitz@ropesgray.com

*/s/ Philip D. Racusin*
Philip D. Racusin

## CERTIFICATE OF CONFERENCE

    Pursuant to Local Rule 7.1(D), no conference is required for motions filed under Fed. R. Civ. P. 12(b), (e), or (f).

                                          */s/ Philip D. Racusin*
                                          Philip D. Racusin