UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

|  |  |
|---|---|
| PALLADIUM USA, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **Case No. 4:25-cv-03569**<br>) |
| DIANA NICKELL d/b/a TEXAS<br>PALLADIUM PROPERTIES, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**OPPOSITION TO DEFENDANT'S MOTION**
**TO DISMISS PURSUANT TO RULE 12(B)(6)**

**TABLE OF CONTENTS**

                                                                                                                                **Page**

I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ................... 1

II.    INTRODUCTION ............................................................................................................ 1

III.    BACKGROUND .............................................................................................................. 2

IV.    ISSUES TO BE RULED UPON AND PLEADING STANDARD ................................... 4

        A.    Has Plaintiff Sufficiently Pleaded Each of Its Causes of Action ........................... 4

        B.    Has Defendant Establish the Affirmative Defense of Descriptive Fair Use on the Face of the Complaint ............................................................................................. 4

        C.    Has Plaintiff Sufficiently Pleaded Its Entitlement to Injunctive Relief .................. 4

V.    ARGUMENT .................................................................................................................... 4

        A.    Plaintiff Has Sufficiently Pleaded Each of Its Causes of Action ........................... 4

        B.    Defendant Cannot Establish the Affirmative Defense of Descriptive Fair Use on the Face of the Complaint ....................................................................................... 7

        C.    Plaintiff Has Sufficiently Pleaded Its Entitlement to Injunctive Relief .................. 8

VI.    CONCLUSION ................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*All Am. Builders, Inc. v. All Am. Siding of Dallas, Inc.*,
    991 S.W.2d 484 (Tex. Ct. App. 1999) ................................................................................5

*American Rice, Inc. v. Producers Rice Mill, Inc.*,
    518 F.3d 321 (5th Cir. 2008) ...............................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .............................................................................................................4

*Icon Health & Fitness, Inc. v. Kelley*,
    No. 17-CV-356, 2017 WL 6610085 (W.D. Tex. Dec. 27, 2017) .........................................6

*Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*,
    No. 19-cv-2027, 2020 WL 5099596 (N.D. Tex. Aug. 7, 2020) ...........................................8

*Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*,
    10 F.4th 422 (5th Cir. 2021) ................................................................................................5

*Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*,
    783 F.3d 527 (5th Cir. 2015) ...............................................................................................5

*Paulsson Geophysical Servs., Inc. v. Sigmar*,
    529 F.3d 303 (5th Cir. 2008) ...............................................................................................8

*Scott v. U.S. Bank Nat'l Ass'n*,
    16 F.4th 1204 (5th Cir. 2021) ..............................................................................................4

*Texas Tamale Co. v. CPUSA2, LLC*,
    No. 21-CV-3341, 2022 WL 20717360 (S.D. Tex. Oct. 20, 2022) ...................................4, 5

*Texas Tamale Co. v. CPUSA2, LLC*,
    No. 21-cv-3341, 2024 WL 2836241 (S.D. Tex. June 4, 2024) ............................................7

*Varsity Spirit LLC v. Varsity Tutors, LLC*,
    No. 21-CV-0432-D, 2022 WL 1266030 (N.D. Tex. Apr. 28, 2022) .................................5, 7

*Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co.*,
    80 F.4th 536 (5th Cir. 2023) ................................................................................................8

*YETI Coolers, LLC v. JDS Indus., Inc.*,
    300 F. Supp. 3d 899 (W.D. Tex. 2018) ................................................................................6

*Young v. Vannerson*,
    612 F. Supp. 2d 829 (S.D. Tex. 2009) ...................................................................................7

**Statutes**

15 U.S.C. § 1114(1) ........................................................................................................................1

15 U.S.C. § 1115(b)(4) ...................................................................................................................7

15 U.S.C. § 1125(a) ........................................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

Trademark Modernization Act of 2020, Pub. L. No. 116-260, H.R. 133, 116th.............................8

**I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

This is an action for trademark infringement and unfair competition under federal and state law, filed by Plaintiff Palladium USA, Inc. ("Palladium" or "Plaintiff") against Defendant Diana Nickell d/b/a Texas Palladium Properties ("Defendant"). Plaintiff filed its Complaint on August 1, 2025 (Dkt. 1, "Complaint"). In response, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) on September 10, 2025 (Dkt. 11, "Motion").

**II.     INTRODUCTION**

Plaintiff opposes Defendant's Motion to Dismiss because Plaintiff's Complaint satisfies the standard for pleading its four claims of (i) federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1); (ii) federal unfair competition and false designation under the Lanham Act, 15 U.S.C. § 1125(a); (iii) common law trademark infringement under Texas law, and (iv) common law unfair competition under Texas law, and because Defendant has not satisfied the standard for resolving the affirmative defense of fair use on a motion to dismiss.

Accepting the well-pleaded facts of the Complaint as true, Plaintiff has continuously used its strong and distinctive, federally-registered PALLADIUM marks in interstate commerce in connection with its real estate investment, development, construction, management, leasing, marketing, and agency services for decades, and has built substantial goodwill in those marks in Texas and throughout the United States as the result of that use. Defendant, on the other hand, subsequently used confusingly similar marks—the TEXAS PALLADIUM PROPERTIES and TEXAS PALLADIUM marks, as well as the domain name <texaspalladium.com>—to offer identical, overlapping, and/or related services through the same or similar channels of trade to the same or similar consumers and potential consumers. As discussed in greater detail below, those allegations readily state plausible claims for federal trademark infringement, federal unfair

competition and false designation of origin, Texas common law trademark infringement, and Texas common law unfair competition.

Defendant's attempt to resolve fair use at the pleadings stage fares no better. Fair use is an affirmative defense that may be resolved on a motion to dismiss only when established on the face of the complaint. Here, the Complaint alleges Defendant is using PALLADIUM as a source identifier for her business and services, not descriptively to refer to some characteristic of that business and those services. Moreover, nothing in the Complaint or Motion establishes that the word PALLADIUM—a term Defendant claims refers to "a statue of Pallas" or "something that affords effectual protection or security"—merely describes her real estate services, or is understood by relevant consumers to have such a descriptive meaning.

Because the Complaint plausibly alleges Plaintiff's claims and does not establish Defendant's affirmative defense, Plaintiff respectfully submits that the Motion should be denied in its entirety.

## III.   BACKGROUND

Palladium USA, Inc. is a real estate holding and development company that has used its various PALLADIUM and PALLADIUM-formative marks (collectively, the "PALLADIUM Marks") in U.S. commerce in connection with a broad range of real estate and related services continuously since at least as early as 1992. Compl. ¶¶ 8, 9, 10. More particularly, Palladium identifies and executes high-quality urban development and redevelopment opportunities throughout Texas and the United States, and manages real estate-related projects through all phases, including conceptual selection, site planning, design, cost estimation, construction, lease-up, management, and unit sales. *Id*. ¶¶ 8, 9.

Through longstanding use and substantial investment, Palladium has developed significant goodwill in the PALLADIUM Marks in connection with its real estate and related

2

services. *Id*. ¶ 9. In addition to its common-law rights, Palladium owns multiple federal registrations covering real estate development, construction, management, leasing, marketing, and agency services, among other services, including PALLADIUM (U.S. Reg. No. 2,751,650) for "real estate management and investment services" and "real estate development services; construction and management of residential and commercial buildings," first used in commerce in 1992 and registered in 2003; PALLADIUM (U.S. Reg. No. 2,824,441) for a suite of real estate investment and fund services, first used in commerce in 1993 and registered in 2002; PALLADIUM GROUP (U.S. Reg. No. 4,075,621) for real estate management, investment, development, construction, and building management services, first used in commerce 1992 and registered in 2011; and a PALLADIUM GROUP word and design mark (U.S. Reg. No. 4,069,074) covering, *inter alia*, "real estate marketing services," "real estate affairs," "real estate management," "real estate agency services," "leasing of real estate," and related construction and design services, registered in 2011 and used in commerce since 2014. *Id*. ¶ 10.

Defendant Diana Nickell, a Texas resident operating as "Texas Palladium Properties," provides real estate-related services in the Texas Gulf Coast region. *Id*. ¶¶ 7, 11. She uses PALLADIUM-formative marks—including TEXAS PALLADIUM PROPERTIES and TEXAS PALLADIUM —in U.S. commerce in connection with those services, and operates the domain name <texaspalladium.com> to market them. *Id*. ¶¶ 11, 12. Defendant's use of these PALLADIUM-formative marks occurs in the same industry and markets in which Palladium operates and promotes its services, and through overlapping channels. *Id*. ¶¶ 8, 11, 12, 15, 16, 45.

On February 25, 2025, Palladium, through counsel, notified Defendant that her unauthorized use of PALLADIUM-formative marks in connection with real estate services was likely to cause confusion with Palladium's use of its senior PALLADIUM Marks for such

3

services among relevant consumers. *Id.* ¶ 13. Palladium repeatedly attempted in good faith to resolve the matter, but Defendant refused to cease using PALLADIUM and continues to market, offer, and provide real estate services under those PALLADIUM-formative marks. *Id.* ¶¶ 14, 15.

IV. **ISSUES TO BE RULED UPON AND PLEADING STANDARD**

    A. **Has Plaintiff Sufficiently Pleaded Each of Its Causes of Action**

    B. **Has Defendant Establish the Affirmative Defense of Descriptive Fair Use on the Face of the Complaint**

    C. **Has Plaintiff Sufficiently Pleaded Its Entitlement to Injunctive Relief**

To defeat a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Courts "accep[t] all well-pleaded facts as true and vie[w] those facts in the light most favorable to the plaintiffs." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted).

V. **ARGUMENT**

Defendant argues dismissal of this Complaint is warranted because it does not plausibly allege its claims or, in the alternative, because Defendant's use of PALLADIUM-formative marks is descriptive fair use. Both arguments are unavailing.

    A. **Plaintiff Has Sufficiently Pleaded Each of Its Causes of Action**

"To state a claim for trademark infringement under the Lanham Act, a plaintiff must show (i) that it possesses a legally protectable mark, and (ii) that defendant's use of the trademark creates a likelihood of customer confusion as to source, affiliation, or sponsorship." *Tex. Tamale Co. v. CPUSA2, LLC*, No. 21-CV-3341, 2022 WL 20717360, at *3 (S.D. Tex. Oct. 20, 2022) (citing *Jones v. Am. Council on Exercise*, 245 F. Supp. 3d 853, 859 (S.D. Tex. 2017)). "The issues in a common law trademark infringement action under Texas law are no different

than those under federal trademark law." *All Am. Builders, Inc. v. All Am. Siding of Dallas, Inc.*, 991 S.W.2d 484, 488 (Tex. Ct. App. 1999).

Here, Defendant does not dispute that Plaintiff has legally protectable marks, and in fact, the registrations pleaded by Plaintiff (Compl. ¶ 10) are *prima facie* evidence of inherent distinctiveness. *E.g.*, *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 537 (5th Cir. 2015).

As for likelihood of confusion, which "also governs [p]laintiff's claims for unfair competition under Section 43 of the Lanham Act and Texas common law," *Tex. Tamale Co.*, 2022 WL 20717360, at *3, courts apply the following "digits of confusion": (1) the strength of the plaintiff's mark; (2) the similarity of the marks; (3) the similarity of the products; (4) the identity of retail outlets and purchasers; (5) the similarity of advertising media; (6) the defendant's intent; (7) actual confusion; and (8) degree of care exercised by potential purchasers, *E.g.*, *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008). However, on a motion to dismiss "[t]he Court need only determine whether [p]laintiff has pleaded 'sufficient facts to state a plausible claim of customer confusion'; no comprehensive, factor-by-factor analysis is required at this stage." *Tex. Tamale Co.*, 2022 WL 20717360, at *3 (citation omitted); *see also, e.g.*, *Jim S. Adler, P.C. v. McNeil Consultants, L.L.C.*, 10 F.4th 422, 430 (5th Cir. 2021) ("Adler's complaint contains sufficient factual matter, accepted as true, to state a Lanham Act claim that is plausible on its face. We express no opinion on the merits of Adler's claims, which would require, among other things, an evaluation of the digits of confusion and any other relevant factors." (citation omitted)); *Varsity Spirit LLC v. Varsity Tutors, LLC*, No. 21-CV-0432-D, 2022 WL 1266030, at *5–6 (N.D. Tex. Apr. 28, 2022) ("the court—without having to consider each factor—asks only whether there are sufficient facts to state a plausible claim of

consumer confusion"); *YETI Coolers, LLC v. JDS Indus., Inc.*, 300 F. Supp. 3d 899, 906 (W.D. Tex. 2018) ("Whether these facts will ultimately be enough to prove a likelihood of confusion is not the inquiry at this stage; the [c]ourt's task is only to consider whether YETI's allegations are sufficient to make it more than merely speculative that the company might be entitled to relief.").

Here, the Complaint alleges more than enough to state a plausible claim. ***First***, Plaintiff has pleaded that its PALLADIUM Marks are strong in connection with its real estate services, as they are registered and have been used and promoted for decades. Compl. ¶¶ 8-10, 20, 29. ***Second***, Plaintiff has pleaded that the parties' marks are similar: PALLADIUM, PALLADIUM GROUP and variations in the case of Plaintiff and TEXAS PALLADIUM PROPERTIES and TEXAS PALLADIUM in the case of Defendant. *Id.* ¶ 12, 21, 31, 39, 45. The addition of the generic or descriptive words "Texas" and "Properties" does not render Defendant's marks dissimilar. *See*, *e.g.*, *Icon Health & Fitness, Inc. v. Kelley*, No. 17-CV-356, 2017 WL 6610085, at *2 (W.D. Tex. Dec. 27, 2017) ("Courts have repeatedly held that the confusion created by use of the same word as a primary element in a trademark is not counteracted by the addition of another term." (quoting *Cont'l Connector Corp. v. Cont'l Specialties Corp.*, 492 F. Supp. 1088, 1095 (D. Conn. 1979))), *report and recommendation adopted*, No. 17-CV-356, 2018 WL 1203465 (W.D. Tex. Jan. 11, 2018). ***Third***, Plaintiff has pleaded that Defendant is offering the same or overlapping real estate-related services. *Id.* ¶¶ 8-12. ***Fourth***, Plaintiff has pleaded that Defendant is offering its services to potentially overlapping consumers in the same geographic region. *Id*. ***Fifth***, on the issue of intent, Plaintiff has pleaded that Defendant continued to use its infringing PALLADIUM-formative marks with full knowledge of Plaintiff and its rights. *Id.* ¶¶ 13-15.

6

These facts are more than enough to demonstrate that a likelihood of confusion is "plausible." *See Young v. Vannerson*, 612 F. Supp. 2d 829, 847 (S.D. Tex. 2009) (denying motion to dismiss trademark infringement claim without analyzing and weighing each digit because, *inter alia*, plaintiff alleged that defendant had made extensive preparations to use confusingly similar mark on products similar to those sold by plaintiffs); *see also Varsity Spirit LLC*, 2022 WL 1266030, at *9 ("Considering that the marks are not completely dissimilar, that Varsity and Veritas offer some relatively similar services, and that Veritas is alleged to have intentionally infringed Varsity's mark, the court cannot say that '[n]o reasonable person would take one look at [Veritas' mark] and believe that [Varsity] authorized its content.'" (alterations in original) (citation omitted)).

Accordingly, Plaintiff has sufficiently pleaded all four of its federal and state claims.

### B.   Defendant Cannot Establish the Affirmative Defense of Descriptive Fair Use on the Face of the Complaint

Descriptive fair use permits the good faith use of another's trademark to describe the characteristics or qualities of a user's products or services, rather than as a mark to indicate the source of the goods or services. *See* 15 U.S.C. § 1115(b)(4); *Tex. Tamale Co. v. CPUSA2, LLC*, No. 21-cv-3341, 2024 WL 2836241, at *3 (S.D. Tex. June 4, 2024) ("[T]he trademark fair use defense 'allows a party to use a term in good faith to describe its goods or services, but [applies] only in actions involving descriptive terms and only when the term is used in its descriptive sense rather than in its trademark sense'" (second alteration in original) (citation omitted) (quoting *DHI Grp., Inc. v. Kent*, No. H-16-1670, 2017 WL 8794877, at *11 (S.D. Tex. Apr. 21, 2017))). Because it is an affirmative defense, the court cannot dismiss Plaintiff's claims based on fair use unless all of the elements of the defense appear clearly on the face of the Complaint. *See*

7

*Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, No. 19-cv-2027, 2020 WL 5099596, at *9 (N.D. Tex. Aug. 7, 2020).

Here, the Complaint does not facially establish that Defendant uses the word "palladium" as part of the composite marks TEXAS PALLADIUM or TEXAS PALLADIUM PROPERTIES to describe some aspect of her real estate services—for example, that she provides "a statue of Pallas whose preservation was believed to ensure the safety of Troy" or "something that affords effectual protection or security." Mot. 7-8. In fact, the Complaint alleges the opposite: that Defendant is using TEXAS PALLADIUM and TEXAS PALLADIUM PROPERTIES as source identifiers—*i.e.*, as marks—for her business and real estate services. Compl. ¶¶ 11-13, 15.

Accordingly, Plaintiff cannot prevail on the affirmative defense of descriptive fair use on a motion to dismiss.

### C.   Plaintiff Has Sufficiently Pleaded Its Entitlement to Injunctive Relief

Almost as an afterthought, Defendant cites a 2008 decision to allege that Plaintiff may not obtain injunctive relief because it has not "plausibly allege[d] that the likelihood of confusion will cause irreparable injury for which there is no adequate legal remedy." Mot. 10.

Aside from the fact that this decision involved (and granted) a preliminary injunction rather than a motion to dismiss, and found that the standard for irreparable injury had been met, *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 313 (5th Cir. 2008), this neglects the Trademark Modernization Act of 2020, Pub. L. No. 116-260, H.R. 133, 116th Cong. subtit. B, §§ 221–26 (2020), which "created a rebuttable presumption of irreparable harm for plaintiffs who have shown a likelihood of success on the merits of their infringement claim." *Whirlpool Corp. v. Shenzhen Sanlida Elec. Tech. Co.*, 80 F.4th 536, 546 (5th Cir. 2023).

In other words, Plaintiff has sufficiently pleaded its entitlement to injunctive relief in the Complaint.

**VI.    CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court deny the Motion in its entirety. In the event that the Court grants any portion of the Motion, Plaintiff respectfully requests that the Court grant it leave to replead accordingly.

DATED: September 30, 2025

By:    */s/Clifford Bowie Husted*
Clifford Bowie Husted
Attorney-In-Charge
State Bar No. 00796803
Southern District of Texas Bar No. 20775
chusted@clarkhill.com
CLARK HILL PLC
1000 Louisiana Street, Suite 2800
Houston, Texas 77002
(713) 951-5600
(713) 951-5660 Facsimile

Evan Gourvitz (*pro hac vice* granted)
New York Bar No. 2995355
evan.gourvitz@ropesgray.com
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
(212) 596-9090 Facsimile

*Attorneys for Plaintiff*
*PALLADIUM USA, INC.*